(No. 23103.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SUSIE LATTIMORE, Plaintiff in Error.

*Opinion filed December 19, 1935.*

BENJAMIN C. BACHRACH, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, HENRY E. SEYFARTH, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The defendant, Susie Lattimore, on her trial in the criminal court of Cook county before that court, a jury having been waived, was found guilty of murder. She was sentenced upon such finding to imprisonment for twenty-five years in the Illinois State Reformatory for Women at Dwight. A review of such judgment is here sought by the defendant.

The facts show that the defendant was guilty of an atrocious murder, and that at the time of the commission of the crime, and at her trial, she was between fifteen and sixteen years of age. It was stipulated that the defendant for some misconduct not connected with the present charge, was, more than four months prior to the trial on the indictment here, declared delinquent in the juvenile court of Cook county. In the criminal court the defendant contended that such court was without jurisdiction to proceed with the trial of the cause and that the criminal court should transfer the cause to the juvenile court. The criminal court decided that issue adversely to the defendant. The sole question presented here for decision is whether the defendant, a ward of the juvenile court, who had been indicted for murder, can on such indictment be tried in the criminal court without the consent of the juvenile court.

Section 9a of chapter 23, (Smith's Stat. 1933, par. 199, p. 288; Cahill's Stat. 1933, par. 328, p. 272;) relating to

the juvenile court, provides: "The court may in its discretion in any case of a delinquent child permit such child to be proceeded against in accordance with the laws that may· be in force in this State governing the commission of crimes or violations of city, village, or town ordinance. *In such case the petition filed under this act shall be dismissed."* ·

Among the definitions given to the term "delinquent child" by section 2 [1] of chapter 23, (Smith's Stat. 1933, par. 190, p. 285; Cahill's Stat. 1933, par. 319, p. 269;) is, "any male child who while under the age of seventeen years or any female child who while under the age of eighteen years, violates any law of this State," etc.

In support of her position the defendant urges that under the provisions of section 9a of chapter 23 the juvenile court had the judicial discretion to determine whether the defendant here, "a delinquent child," might be proceeded against on the indictment for murder pending against her in the criminal court of Cook county, and that by reason of such lack of consent by the juvenile court the criminal court of Cook county was precluded from trying her on such indictment.

Article 6 of the constitution of 1870 created our judicial system. By section 26 of that article the criminal court of Cook county was established and its jurisdiction defined. While the circuit court is a court of general jurisdiction, yet the jurisdiction of the circuit court of Cook county is not necessarily the same in all respects as the circuit courts of other counties of the State. It does not have concurrent jurisdiction with the criminal court of Cook county of criminal causes, but jurisdiction of criminal cases is by section 26 of our constitution placed in the criminal court of Cook county. (*People* v. *Feinberg,* 348 . Ill. 549; *People* v. *Warren,* 260 id. 297.) The juvenile court is a *court of limited jurisdiction.* The legislature is without authority to confer upon an inferior court the

power to stay a court created by the constitution from proceeding with the trial of a cause jurisdiction of which is expressly granted to it by the constitution. Nor, in our opinion, was it the legislative intent to attempt to confer such power upon the juvenile court. Provision is made by section 4 of chapter 23 for the filing of a petition to have a child declared delinquent. Other sections provide for summons and a hearing on the issue as to whether the child named is a "delinquent child" within the purview of the act. Some meaning must be given the clause italicized in section 9a. That clause manifestly could not refer to the dismissal of a petition whereon a final judgment had been entered finding that the child named in the petition was delinquent but necessarily refers to a then pending, undetermined proceeding in that court. The section granting the discretion to the juvenile court clearly refers to a case where a child capable, under the law, of committing a criminal offense is named in the petition and his or her status is the subject of the inquiry. If the facts developed by the hearing show a criminal offense has been committed by such child, the juvenile court, in its discretion, may refuse to take custody of the child as a delinquent, dismiss the petition and direct the child to be delivered to the proper authorities for trial on the criminal charge. It was not intended by the legislature that the juvenile court should be made a haven of refuge where a delinquent child of the age recognized by law as capable of committing a crime should be immune from punishment for violation of the criminal laws of the State, committed by such child subsequent to his or her being declared a delinquent child.

The criminal court of Cook county had jurisdiction of the person of the defendant and of the cause on which she was placed on trial.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE STONE, dissenting.