The People of the State of Illinois, Plaintiff-Appellant, v. Vall Boclaire et al., Defendants-Appellees.

(Nos. 60258-59 cons.;

First District (2nd Division)—October 28, 1975.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Michael J. Polelle, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Sidney A. Jones III, Ronald P. Alwin, John Thomas Moran, and Aaron Meyers, Assistant Public Defenders, of counsel), for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendants, Vall Boclaire and Frank Morgan, minors, were charged in separate delinquency petitions for adjudication of wardship in the juvenile division of the circuit court of Cook County with murder and

armed robbery. On two separate occasions, Judge McGury of the juvenile division expressed his objections to the State's motion to transfer defendants to the adult criminal division. Despite Judge McGury's rulings, the State sought and obtained indictments for murder and armed robbery. Judge Power, presiding judge of the criminal division, granted defendants' motion to quash the indictments. The State now appeals. Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1).[1]

There is no need to set out the details of the murder and armed robbery involved. Suffice it to say that Judge McGury did find that there was probable cause to believe that defendants had committed the crimes charged. The relevant facts are as follows:

Four youths committed a murder and armed robbery on December 15, 1973. Defendants, Vall Boclaire, then 13½ years old, and Frank Morgan, then 15 years old, were arrested for those crimes. Delinquency petitions charging defendants with those crimes were filed in the juvenile division of the circuit court on December 17, 1973.

On February 7, 1974, Judge McGury objected to the State's motion to transfer defendant Boclaire to the adult criminal division. On February 11, 1974, Judge McGury also objected to the State's motion to transfer defendant Morgan to the adult criminal division.

On February 21, 1974, the grand jury at the instigation of the State's Attorney heard evidence and then returned an indictment charging both defendants with murder and armed robbery.

On February 22, 1974, Judge Costa of the juvenile division granted the State's motion to dismiss the delinquency petition against defendant Boclaire without prejudice. However, on that same day, Judge McGury denied the State's same motion with respect to defendant Morgan.

On March 1, 1974, Judge Power granted defendants' motion to quash the indictment. The State now appeals.

## I.

As noted in the footnote, defendants have filed a motion to dismiss the instant appeals. As to Judge McGury's objections to transfer defendants to adult criminal division, defendants argue that those orders are neither final and appealable nor is there any statutory authority permitting the State an interlocutory appeal from such orders. As to Judge Power's quashing of the indictment, defendants argue that under the

---

[1] The record contains three notices of appeal, one from the quashing of the indictment, one from the objection to transfer of defendant Boclaire, and one from the objection to transfer of defendant Morgan. Defendants filed a motion to dismiss all three appeals. That motion was taken with the case and will be considered in Part I.

facts presented, Supreme Court Rule 604(a)(1), upon which the State relies, does not allow the instant appeal.

■■ During oral argument, the State properly conceded that there is no right to an immediate appeal from a juvenile court's decision on whether or not to transfer a juvenile to the adult criminal division. (*People v. Jiles*, 43 Ill.2d 145, 251 N.E.2d 529.) Consequently, those portions of the instant appeal from Judge McGury's objections to transfer defendants to the adult criminal division are hereby dismissed.

As to Judge Power's quashing of the indictment, defendants argue that to justify the instant appeal, the State must comply with Supreme Court Rule 604(a)(1). That Rule states:

> "In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1).)

Defendants contend that because at the time the indictment was quashed, juvenile proceedings, based on the same underlying charges, were still pending, at least as to defendant Morgan,[2] the "substantive effect" of the order quashing the indictment did not result in "dismissing a charge." Defendants conclude that Rule 604(a)(1) has not been complied with and request that the instant appeal be dismissed.

In the instant case, defendants filed written motions in the trial court to quash the indictment alleging that the adult criminal division did not have "jurisdiction" over the juvenile defendants. A complete reading of the proceedings before Judge Power reveals that it was on that basis that the indictment was quashed.

Rule 604(a)(1) permits the State to appeal when a charge is dismissed "for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure." One of the grounds listed in section 114—1 is:

> "The court in which the charge has been filed does not have jurisdiction." (Ill. Rev. Stat. 1973, ch. 38, par. 114—1(a)(6).)

Thus, by the very terms of the Rule, the challenged order is exactly the type of order the State is allowed to appeal.

Defendants do not seriously dispute that an indictment was quashed

---

[2] At the time the indictment was quashed, defendant Boclaire's juvenile petition had been dismissed without prejudice on motion of the State. Defendant Morgan's juvenile petition was still pending. We acknowledge the different status which resulted. However, due to our interpretation of Rule 604(a)(1), we do not find it controlling.

for one of the reasons enumerated in section 114—1 of the Code of Criminal Procedure of 1963. Rather, defendants argue that the quashing of this indictment did not result in the dismissal of a charge since there was a pending juvenile charge as to defendant Morgan.

Defendants' argument is persuasive only if Rule 604(a)(1) is interpreted to mean:

"* * * the State may appeal only from an order or judgment, the substantive effect of which results in dismissing [all] charge[s] * * *."

In that event, if *any* charge remained pending, the State would be precluded from appealing. However, Rule 604(a)(1) does not require that "all" charges be dismissed, it only requires the dismissal of "a" charge.

In *People v. Miller*, 35 Ill.2d 62, 219 N.E.2d 475, the Supreme Court applied former Supreme Court Rule 27(4). (Ill. Rev. Stat. 1965, ch. 110, par. 101.27.) In *Miller*, the trial court had dismissed four counts of a single six-count indictment. All counts related to offenses committed against the same person and arose from the same factual situation. Although the propriety of the State's appeal was not specifically questioned, the court did entertain the appeal and did reach the merits.[3] Thus, the court did approve, although *sub silentio*, of appeals by the State of a dismissal of less than all charges. While former Rule 27(4) has been superseded by Rule 604(a)(1), the present Rule can not be read in isolation but must be considered in association with the former Rule. Indeed, the present Rule was not intended to reduce the former range of the State's right to appeal in any way. *People v. Love*, 39 Ill. 2d 436, 235 N.E.2d 819.

The same result was reached more recently in *People v. Henry*, 20 Ill.App.3d 73, 312 N.E.2d 719. In *Henry*, the defendant's indictment alleged the theft of property of a value less than $150 and also alleged a previous conviction for theft, thus raising the charge to a felony. Over objection of the State, the trial court struck the allegation of the previous conviction, thereby reducing the charge to a misdemeanor. The State appealed. The defendant questioned the State's right to appeal arguing that Rule 604(a)(1) had not been complied with. The reviewing court

---

[3] Moreover, the propriety of the defendant's appeal from the trial court's refusal to dismiss the other two counts of the indictment was considered and rejected. And while commenting on the jurisdiction of an appellate court to entertain such an appeal, the court stated: "While this Rule [27(4)] gives the State the right to appeal to the appellate court from an order which results in dismissing an indictment, it does not authorize an appeal by a defendant * * *." (35 Ill.2d 62, 67.) It is thus indicated that the whole gamut of jurisdictional questions was considered.

disagreed, holding that the reduction of the charge had the substantive effect of dismissing the charge originally brought. Thus, despite the pendency of a similar charge, the State was held to have properly invoked Rule 604(a)(1). See *People v. Rotramel,* 5 Ill.App.3d 196, 282 N.E.2d 484.

██ The scope of the State's right to appeal has been held to be very broad. (*People v. Petropoulos,* 59 Ill.App.2d 298, 208 N.E.2d 323, *aff'd,* 34 Ill.2d 179, 214 N.E.2d 765.) By its very terms, Rule 604(a)(1) requires only that "a" charge be dismissed. The Rule does not require that all charges be dismissed. (*People v. Miller; People v. Henry.*) We conclude that despite the pendency of the juvenile proceedings, Judge Power's quashing of the indictment did have the substantive effect of dismissing a charge. Hence, the State has fully complied with Rule 604(a)(1). Accordingly, that portion of defendants' motion requesting dismissal of the appeal from the quashing of the indictment is hereby denied.

## II.

We now turn to the merits of the State's appeal from the quashing of the indictment.

When arrested for the crimes of murder and armed robbery, both defendants were under 17 years of age. Consequently, the State, as required, first filed a petition in the juvenile court, asking that defendants be declared delinquent. (Ill. Rev. Stat. 1973, ch. 37, pars. 703—2, 704—1.) At this point, the State had two options: it could continue proceedings under the provisions of the Juvenile Court Act, or it could seek to have defendants prosecuted criminally. Electing the latter, the State had to comply with section 2—7 of the Juvenile Court Act. (Ill. Rev. Stat. 1973, ch. 37, par. 702—7.) Section 2—7(1) states:

"Except as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State * * *."

Section 2—7(3) states:

"If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, and, on motion of the State's Attorney, a Juvenile Judge, designated by the Chief Judge of the Circuit to hear and determine such motions, after investigation and hearing but before commencement of the adjudicatory hearing, finds that it is not in the best interests of the minor or of the public to proceed under this Act, the court may enter an order permitting prosecution under the criminal laws."

Pursuant to section 2—7(3), the State filed motions with the juvenile court, asking that both defendants be transferred to the adult criminal division. After hearings on the proposed transfer, Judge McGury objected to the transfer of either defendant.

Despite Judge McGury's rulings, the State sought and obtained an indictment charging each defendant with murder and armed robbery. On March 1, 1974, Judge Power stated that exclusive jurisdiction over these defendants remained with the juvenile court and concluded that the State did not have the right to seek and prosecute an indictment and therefore the trial court quashed the indictment.

The State initially contends that Judge Power misinterpreted section 2—7 of the Juvenile Court Act when he held that the juvenile court had exclusive "jurisdiction" over defendants until the juvenile court granted a motion to transfer to the adult criminal division. The State relies on a line of cases which hold that the criminal division of the circuit court has concurrent jurisdiction with the juvenile division to hear cases involving the criminal conduct of minors. (*People v. Lattimore,* 362 Ill. 206, 199 N.E. 275; *People v. Hester,* 39 Ill.2d 489, 237 N.E.2d 466; *People v. Henderson,* 2 Ill.App.3d 285, 276 N.E.2d 377.) It is from these cases that the analogous rule developed that the State's Attorney rather than the court determines whether a juvenile is to be prosecuted criminally. *People v. Handley,* 51 Ill.2d 229; 282 N.E.2d 131; *People v. Sprinkle,* 56 Ill.2d 257, 307 N.E.2d 161.

■■ However, in the most recent case to consider the issue now before us, the Illinois Supreme Court reached a different conclusion. In *People v. Rahn,* 59 Ill.2d 302, 319 N.E.2d 787, the court concluded that the ultimate determination of whether a juvenile was to be prosecuted criminally was to be made by the courts, rather than by the State's Attorney. The court reasoned that the legislative intent that the ultimate determination was to be a judicial one was evidenced by the language of section 2—8 which states that "permitting the institution of criminal proceedings" was to be done by the court. (Ill. Rev. Stat. 1971, ch. 37, par. 702—8.) As the Supreme Court's most recent interpretation of section 702—7, *Rahn* is binding on this court.

We acknowledge that *Rahn* dealt with the statute in effect in 1971, but find the present statute an even more compelling indication of the legislative intent that the ultimate determination with respect to transfer of a juvenile for criminal prosecution is to be made by the court. In 1971, the statute stated:

> "If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, *the State's Attorney shall determine the court in which that*

*minor is to be prosecuted* \* \* \*." (Ill. Rev. Stat. 1971, ch. 37, par. 702—7(3).) (Emphasis supplied.)

The present statute eliminates the indicated permissive language.

Section 2—7 states that no minor shall be criminally prosecuted under the laws of this State except as provided in this section. As indicated by *Rahn*, the clear and unambiguous mandate of that section is that the juvenile court will make the final determination of whether to transfer a minor for criminal prosecution. (*People v. Caudell*, 28 Ill.App.3d 916, 329 N.E.2d 802.) In the instant case, Judge McGury decided not to permit criminal prosecution. As such, the State did not have the power to seek a criminal indictment. In quashing the indictment, Judge Power correctly interpreted the intent of section 2—7.

The State next argues that if section 2—7 places the ultimate decision of whether to criminally prosecute a minor with the juvenile court rather than with the State's Attorney, then section 2—7 violates the separation of powers doctrine. Ill. Const. art. II, § 1.

The State argues that it is the duty of the State's Attorney to "commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county \* \* \*." (Ill. Rev. Stat. 1973, ch. 14, par. 5.) The State relies on those cases which hold that the courts cannot interfere with the State's Attorney's discretion of whether or not to prosecute and what charge to bring. *People v. Guido*, 11 Ill.App.3d 1067, 297 N.E.2d 18; *People v. Baron*, 130 Ill.App.2d 588, 264 N.E.2d 423.

However, the instant case presents no question of a court's interference with the State's Attorney's duty or discretion. The State's Attorney still has the unfettered discretion of whether or not to prosecute a minor. The legislature has merely determined that until a minor 13 years of age or older attains 17 years of age, that prosecution is to be brought pursuant to the provisions of the Juvenile Court Act unless the juvenile court agrees to relinquish control. It is the legislature that determines what is a crime and who can be prosecuted. It is only after that determination has been made that any duty or discretion on the part of the State's Attorney arises.

For instance, the legislature has determined that a minor under 13 years of age can not be criminally prosecuted under any circumstances. (Ill. Rev. Stat. 1973, ch. 38, par. 6—1.) Similarly, the legislature has determined that only that conduct described in the Criminal Code shall constitute a crime. (Ill. Rev. Stat. 1973, ch. 38, par. 1—3.) The State can not seriously dispute the legislature's power to raise or lower the age of accountability or to include or exclude certain conduct as crime.

It is within the legislature's purview to indicate where and under what circumstances a minor can be criminally prosecuted. That deter-

mination in no way infringes on the State's Attorney's constitutional or statutory power to enforce the laws. We conclude that section 2—7 does not violate the separation of powers doctrine.

One final comment is necessary. The State asks this court to review Judge McGury's decision to object to transfer of defendants to the adult criminal division. The State argues that Judge McGury's decision was an abuse of discretion and as such, is reviewable. Although, as noted earlier, the State concedes that there is no interlocutory appeal from the juvenile court's decision on a motion to transfer, the State argues that the merits of that decision somehow become reviewable on a motion to dismiss the subsequent indictment. The State points to language in *People v. Jiles,* which in turn quoted *Kent v. United States,* 383 U.S. 541, 16 L.Ed.2d 84, 86 S.Ct. 1045:

> "On the issue now before us [the appealability of a motion to transfer] the Supreme Court said only, 'There is no question that the order is reviewable on motion to dismiss the indictment in the District Court * * *.'" (43 Ill.2d 145, 148.)

However, it is clear that the Supreme Court (and the Illinois Supreme Court) was not referring to whether the juvenile court's decision was an abuse of discretion but whether the juvenile court had properly followed the governing statute.

In the instant case, the motion to dismiss the indictment presented only one question for review: whether a juvenile could be criminally indicted without the concurrence of the juvenile court. Judge Power could only rule on the authority and power of the State under the circumstances to prosecute an indictment. He could not sit as a reviewing court of another circuit judge. (See *People ex rel. Carey v. Covelli,* 61 Ill.2d 394, 336 N.E.2d 759.) This court can review only those questions properly before Judge Power. Consequently, the instant appeal presents no question regarding the propriety of Judge McGury's rulings.

This may be a harsh and undesirable result, but it is one mandated by the applicable rules and cases. The State would appear to have a substantial interest in having such orders reviewed. But if the State is to attain such review, it must do so through an amendment to Supreme Court Rules, not by pursuing convoluted appeals. A party cannot be allowed to do indirectly what it cannot do directly.

Accordingly, for the reasons set out above, the order of the trial court quashing the indictment is affirmed.

Motion allowed in part; motion denied in part; judgment affirmed.

DOWNING, P. J., and LEIGHTON, J., concur.