THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EMANUEL PEDROSA, Defendant-Appellant.

First District (5th Division) No. 60800

Opinion filed February 13, 1976.

208

Leo E. Holt, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This case originated with the filing of a petition for an adjudication of wardship in the Juvenile Division of the circuit court alleging that defendant was a delinquent by virtue of having committed the offenses of murder and aggravated battery. The State moved to transfer his case so that he could be tried in an adult court pursuant to section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—1).[1] Following a hearing the court made no objection to the petition for transfer and dismissed the juvenile proceedings.

Subsequently defendant was indicted for two counts of murder and three counts of aggravated battery. Prior to trial two counts of aggravated battery were stricken with leave to reinstate. Defendant was tried by the court sitting without a jury and found guilty on all three remaining counts. He received concurrent sentences of 14 years to 14 years and one day for each murder and one to five years for the aggravated battery. The facts were stipulated to at trial: On October 8, 1972, defendant and two companions, all armed with shotguns, stepped

---

[1] Ill. Rev. Stat. 1971, ch. 37, par. 702—7(3) provides:
"If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, the State's Attorney shall determine the court in which that minor is to be prosecuted; however, if the Juvenile Court Judge objects to the removal of a case from the jurisdiction of the Juvenile Court, the matter shall be referred to the chief judge of the circuit for decision and disposition. If criminal proceedings are instituted, the petition shall be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. Taking of evidence in an adjudicatory hearing in any such case is a bar to criminal proceedings based upon the conduct alleged in the petition."

from a gangway in a side street on the near northwest side of Chicago and fired repeatedly into a group of five young men who were walking down the sidewalk. Two of the men died as a result of wounds they received during the barrage. An eyewitness did not report seeing any provocative acts by the victims prior to the shooting. The incident was apparently the product of a youth gang rivalry. Defendant was 16 years old at the time of the shooting.

On appeal defendant requests that the convictions be overturned, the indictments dismissed and the cause remanded to the Juvenile Division for further proceedings. He contends that he is entitled to such relief due to the failure of section 2—7 of the 1971 statute to require a judicial hearing for the determination of whether a case should be transferred out of the Juvenile Division.[2] This contention is grounded on the United States Supreme Court's holding in *Kent v. United States*, 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045, in which a youth challenged the transfer procedures in use in the District of Columbia. The court, construing the statutes of that jurisdiction, held that before the juvenile court could waive its exclusive jurisdiction, a due process hearing was required. At the hearing the juvenile would be afforded the assistance of counsel who would be given access to relevant social service records and, for purposes of maintaining the possibility of effective review, any waiver order would have to be accompanied by a statement of reasons by the judge.

A long line of Illinois cases denied the applicability of *Kent* to our procedures under section 2—7. (See, *e.g., People v. Handley*, 51 Ill. 2d 229, 282 N.E.2d 131; *People v. Reese*, 54 Ill.2d 51, 294 N.E.2d 288; *People v. Sprinkle*, 56 Ill. 2d 257, 307 N.E.2d 161.) These holdings were grounded on the proposition that in this State, unlike the District of Columbia, discretion to transfer a youth from the juvenile division to a circuit court for criminal prosecution was vested in the State's Attorney. ▮▮ Recently, however, in *People v. Rahn*, 59 Ill. 2d 302, 319 N.E.2d 787, our Supreme Court reassessed its position and held that the clear and unambiguous mandate of section 2—7 is that the juvenile court, not the State's Attorney, will make the final determination of whether to transfer a minor for criminal prosecution. (See *People v. Boclaire*, 33 Ill. App. 3d 534, 337 N.E.2d 728.) In the instant case the State's Attorney requested a transfer to the criminal court. After a full hearing

---

[2] We note that section 2—7 has been amended to make clear the intent of the legislature that discretion with regard to the transfer of a minor for criminal prosecution is vested in the juvenile court, and that this determination is to be made only after a hearing for which strict guidelines have been enunciated. See Ill. Rev. Stat. 1973, ch. 37, par. 702—7.

the court stated it had no objections and dismissed the juvenile proceedings. Thus the determination was made by the judge and not the State's Attorney.[3]

Defendant has argued that even accepting the fact that the determination is a judicial one, and thus that the statute implicitly envisioned a hearing, the hearing afforded him failed to meet the *Kent* standards and was, further, constitutionally suspect due to the absence of any guidelines in section 2—7 governing the scope of judicial discretion in these matters.

■■ Defendant is, we presume, satisfied with section 2—7 as it currently reads which does list certain criteria to be taken into account at such hearings. These criteria include:

> "(1) whether there is sufficient evidence upon which a grand jury may be expected to return an indictment; (2) whether there is evidence that the alleged offense was committed in an aggressive and premeditated manner; (3) the age of the minor; (4) the previous history of the minor; (5) whether there are facilities particularly available to the Juvenile Court for the treatment and rehabilitation of the minor; and (6) whether the best interest of the minor and the security of the public may require that the minor continue in custody or under supervision for a period extending beyond his minority." (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3).)

Focusing on the hearing afforded defendant, it is clear that all protections secured by the *Kent* decision and by section 7—2 as amended were given him. He was ably represented by counsel. Witnesses were called to testify regarding the incident for which he was arrested. The court was informed of defendant's age and heard testimony regarding his background. Counsel developed the issue of the possibility that the juvenile process would afford him a superior opportunity for rehabilitation. Moreover, the record developed at that hearing is clearly sufficient to show a substantial compliance with the *Kent* requirements. In light of the foregoing, we do not believe that any purpose would be served in remanding defendant's case to the juvenile division.

■■ Lastly, defendant contends that section 7—2 improperly grants appellate powers to the chief judge of the circuit to review decisions of another judge of the same court. In the instant case the juvenile

---

[3] Defendant has contended that the legislative delegation of discretion to the State's Attorney violates the Illinois Constitution. In view of the fact that following *Rahn* it has been the position of the Supreme Court that discretion over these matters is not vested in the State's Attorney, we see no reason to consider this contention.

court judge did not object to the removal of the action, and the case was not referred to the chief. Thus, defendant lacks standing to challenge the constitutionality of this provision as he has not been aggrieved by the provision which he claims is unconstitutional. *People v. Bombacino*, 51 Ill. 2d 17, 280 N.E.2d 697.

For the foregoing reasons we affirm the judgments entered below.

Affirmed.

LORENZ, P. J., and SULLIVAN, J., concur.