THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MIKE GOODEN, a/k/a Mike Jones and a/k/a McWesley Jones, Defendant-Appellee.

First District (3rd Division)　　No. 77-96

Opinion filed December 28, 1977.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Joan S. Cherry, Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Aaron L. Meyers and John Thomas Moran, Assistant Public Defenders, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:
The defendant, Mike Gooden, was charged by indictment returned by

the Cook County grand jury on March 22, 1976, with the burglary of a department store on October 21, 1975. He was arraigned on June 8, 1976 and pleaded not guilty. Thirty-six days later, before trial, the defendant moved to dismiss the indictment. The basis for his motion was that because he had been born on January 5, 1960, he was 15 years old at the time of the offense, and he was not transferred from juvenile to criminal court in accordance with the procedures set forth in the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—7). That statute provides that a minor may be prosecuted under the criminal laws for an offense committed when he was under 17 only upon motion of the State's Attorney and if, following an investigation and a hearing, a juvenile court judge determines it is not in the best interests of the minor or the public to proceed in the juvenile court. The statute sets out specific matters which the juvenile court judge is directed to consider in making this determination, and also provides that, with the consent of counsel, a minor may elect to be prosecuted in the criminal court. The circuit court dismissed the indictment, and the State appeals.

The defendant contends that because of the State's failure to follow the procedures in the statute, the criminal court did not have the right or authority to try the defendant. In opposition, the State asserts that the defendant told police officers who arrested him on three separate occasions between September 18, 1975, and January 18, 1976, that his date of birth was January 5, 1957, and also that while using an alias, the defendant received a sentence of 1 year adult probation for theft for another offense. The State further maintains that by his prior acts of misrepresenting his age to the police on three different occasions, and submitting himself as an adult to the criminal court when charged with another offense, the defendant waived his right to take advantage of the transfer provisions of the Juvenile Court Act. The State also contends that the defendant consented to being tried by the criminal court.

■■ A motion by the State to transfer a juvenile to the criminal court, followed by a subsequent hearing before a judge assigned to the juvenile court, and a valid determination by that judge permitting criminal prosecution all are mandatory conditions precedent to adult criminal prosecution of a minor under the age of 17 when the offense was committed who does not request to be prosecuted as an adult. (*People v. Rahn* (1974), 59 Ill. 2d 302, 319 N.E.2d 787; *People v. Boclaire* (1975), 33 Ill. App. 3d 534, 337 N.E.2d 728.) The legislature's clear mandate in section 2—7(3) of the Juvenile Court Act is that the State's Attorney has no authority to determine whether a juvenile will be prosecuted in the criminal court or in the juvenile court. He only can make a recommendation; the decision is a judicial one to be made by a judge assigned to the juvenile court. Because this defendant was 15 years old at

the time of the alleged offense, the failure to hold a transfer hearing before a juvenile court judge precludes the defendant's prosecution as an adult.

The precedents on which the State principally relies are *People v. Henderson* (1971), 2 Ill. App. 3d 285, 276 N.E.2d 337, and *People v. Walker* (1974), 19 Ill. App. 3d 798, 313 N.E.2d 217 (abstract). In *Henderson* the defendant misrepresented her age to the police and testified at her trial that she was 18. Two months after she was sentenced, her mother filed a petition alleging that defendant was a juvenile at the time of trial and sentencing. On appeal the defendant argued that the criminal court had no authority to try her because of her age. The conviction was affirmed on the narrow pragmatic ground that a defendant should not be allowed to "take her chances" in a criminal proceeding, then, after an adverse outcome, demand reversal and a new trial in the juvenile court. In *Walker*, the court relied solely on *Henderson* to affirm the conviction of a 16-year-old boy who misrepresented his age to the police but not at trial and did not bring his true age to the attention of the court until after he had been convicted and sentenced.

Our supreme court circumscribed the *Henderson* holding in *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760. In that case, the court observed that a circuit court ruling vacating a conviction based on a guilty plea of a 16-year-old defendant who had misrepresented his age to the police was proper. In a matter of minutes after his sentencing, the defendant's mother through defense counsel informed the court of the defendant's correct age. In comparing *Henderson* to the case before it, the *Smith* court said:

> "Unlike *People v. Henderson*, 2 Ill. App. 3d 285, *appeal denied*, 49 Ill. 2d 578, the present case does not involve a defendant's wilful misrepresentation of his age in sworn testimony before the trial court and a failure to attempt to rectify the situation until nearly two months after judgment was entered upon a criminal conviction." 59 Ill. 2d 236, 240.

■■ Neither *Henderson* nor *Walker* are applicable to this case. Gooden never "took his chances" in a criminal court in connection with the offense with which he is now charged, and he did not misrepresent his age in sworn testimony before the trial court. Unlike the defendant in *Henderson*, Gooden promptly attempted before trial to rectify the situation which had brought him to the criminal court, instead of waiting until after judgment was entered upon a criminal conviction. Moreover, the provision relied on in *Henderson* that sets forth the procedure for trial of juveniles in a criminal proceeding (Ill. Rev. Stat. 1969, ch. 37, par. 702—7(3)) had been substantially modified by the time Gooden was indicted. (Ill. Rev. Stat. 1975, ch. 37, par. 702—7(3).) Gooden did not

attempt to take advantage of the court by causing it undue expense and effort; on the contrary, he asserted his right to a juvenile hearing promptly. In fact, he asserted his right at a much earlier stage than did the defendant in *Smith*, where, because of the defendant's minority the court vacated a judgment after the defendant already had pleaded guilty. The State still had the opportunity to bring criminal charges against Gooden pursuant to the transfer procedures of section 2—7(3) of the Juvenile Court Act. Thus, the public interest was not in any way prejudiced.

The State's appeal also contends that the defendant's conduct amounts to an exercise of his right, provided by section 2—7(5) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—7(5)), to be tried as an adult, or as a waiver of the need to comply with the requirements of that provision. The statute provides:

"(5) If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, the minor, *with the consent of his counsel*, may, at any time before commencement of the adjudicatory hearing, file with the court a motion that criminal prosecution be ordered and that the petition be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. If such a motion is filed as herein provided, the court shall enter its order accordingly." (Emphasis supplied.)

■■■ The waiver of juvenile jurisdiction is a "critically important" decision. (*Kent v. United States* (1966), 383 U.S. 541, 553, 16 L. Ed. 2d 84, 93, 86 S. Ct. 1045; *Black v. United States* (D.C. Cir. 1965), 355 F.2d 104, 105.) Such a waiver exposes the juvenile to the possibility of severe punishment, including detention beyond his 21st birthday. That waiver replaces the confidentiality of the juvenile proceeding with publicity about the offender, and gives the juvenile a public arrest record which may prejudice his future opportunities for employment, even if he is acquitted. And, if the juvenile is convicted in a criminal prosecution, he may lose his civil rights, his adjudication may be used against him in subsequent proceedings, and he may be disqualified for public employment. Therefore, the assistance of counsel is essential in considering whether there is a proper waiver of jurisdiction by the juvenile court.

Thus, both the Illinois legislature and practical considerations dictate that advice of counsel is required to assure that a juvenile understands the existence and nature of his rights before he requests prosecution as an adult. That Gooden had appeared previously in the juvenile court and also had appeared once in criminal court does not establish that he knew he had a choice of proceedings, or was either aware of the significance of that choice or of the distinction between a juvenile and criminal

proceeding. Because of precisely these sorts of considerations, our Juvenile Court Act requires consent of counsel before a minor can request adult prosecution. Here, the conduct the State contends constituted an exercise of the defendant's right to elect to be tried as an adult was not accompanied by the consent of his counsel. The defendant's misrepresentations regarding his age were made to the police, and not, as in *Henderson*, to the court. The defendant has not appeared before the juvenile court to move for criminal prosecution with the consent of counsel. Instead of accepting criminal prosecution, he has voiced his objections to be tried as an adult before his trial commenced. The defendant, therefore, did not exercise his statutory prerogative of removing his case from juvenile court by requesting criminal prosecution.

■■ Even if a minor can waive the necessity of appearing before the juvenile court with the consent of counsel, and of expressly moving that criminal prosecution be ordered, the record here fails to establish any informed waiver of that requirement by the defendant. Waiver is the intentional relinquishment of a known right. (*Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 795, 305 N.E.2d 236.) Courts should indulge every reasonable presumption against waiver, and they should not presume acquiescence in the loss of fundamental rights. (*Barker v. Wingo* (1972), 407 U.S. 514, 525, 33 L. Ed. 2d 101, 113-14, 92 S. Ct. 2182; *Aetna Insurance Co. v. Kennedy* (1937), 301 U.S. 389, 393, 81 L. Ed. 1177, 1180-81, 57 S. Ct. 809.) The intention to relinquish the known right must be "proven by clear, precise, and unequivocal evidence" (*Klim v. Johnson* (1958), 16 Ill. App. 2d 484, 493, 148 N.E.2d 828, 833), and the burden of proof is upon the party claiming waiver. (*Kane v. American National Bank & Trust Co.* (1974), 21 Ill. App. 3d 1046, 316 N.E.2d 177.) The record in this case fails to demonstrate either that upon his arrest, the defendant knew of his rights as a juvenile, or that he intended to waive those rights by misrepresenting his age to the police. It is because of the difficulties attendant upon establishing that a juvenile has made an informed election to waive the procedures the Juvenile Court Act provides for his own protection, that we hold the defendant here could not have made such a waiver without the consent of his counsel.

Finally, we note that when the defendant's true age was established, the State could have followed the procedure set forth in section 2—7(3) of the Juvenile Court Act, and sought an order from the juvenile court permitting prosecution under the criminal laws. That procedure would have provided a more expeditious and reasonable disposition of the charges against the defendant than the State's choice to oppose the defendant's motion to dismiss the indictment in criminal court, and then take this appeal.

The order of the circuit court dismissing the indictment against the defendant is affirmed.

Order affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.