HARTSOOK *v.* OWENS.

5-3033                                               370 S. W. 2d 69

Opinion delivered June 3, 1963.

[Rehearing denied September 9, 1963.]

*George E. Pike,* for appellant.

*Wilbur Botts,* for appellee.

GEORGE ROSE SMITH, J. Guy Hartsook died intestate on July 13, 1961. In November his half-brother, the appellee, filed a claim against the estate in the amount of $1,050.00, based upon a check that had purportedly been given by the decedent to the appellee on December 20, 1960. The administratrix disallowed the claim, but upon trial of the matter in the probate court the claim was allowed. This appeal is from the order of allowance.

It is first contended that the check became a nullity as a result of the appellee's failure to cash it within six months after its date. This contention is based upon the statutes that relieve a bank of the duty of cashing checks more than six months old. Ark. Stat. Ann. § 67-534 (Repl. 1957); Ibid. § 85-4-404 (Add. 1961). These statutes were adopted for the protection of the bank and plainly do not have the effect of extinguishing a valid obligation merely because it is more than six months

past due. Such a holding would create an extremely short statute of limitations where none was intended by the legislature.

The close question in the case is whether the weight of the evidence is contrary to the court's finding that the check in question bears the genuine signature of Guy Hartsook.

Owens identified the check and testified at some length, but much of his testimony was objected to as being in violation of the dead man's statute and cannot be considered. Ark. Const., Schedule, § 2. The claimant's principal witness was his grown daughter, who testified positively that she was present when the check was prepared, signed, and delivered in her parents' home. The check itself bears a notation that it was given for the payee's part in certain farm machinery.

The appellant called the president of the decedent's bank as a handwriting expert, but his testimony is hardly favorable to either side. At first, after having compared the 1960 check with an earlier one written in 1949 and with a still older signature card, the witness stated that. he doubted if the signature upon the check in issue was genuine. On cross-examination, however, the witness readily admitted that a person's signature changes with age. After having been shown a postcard assertedly signed by the decedent in 1961, this witness indicated that the signature on the questioned check bore a greater resemblance to the nearly contemporaneous postcard signature than to the much older specimens of Hartsook's handwriting. The court observed that in his opinion the signatures upon the decedent's more recent checks would be entitled to great weight. It is not without significance that the administratrix failed to produce any such fresh evidence.

The rest of the appellant's proof is circumstantial, tending to show that Hartsook and Owens had not farmed together since about 1952, that their purchases of farm machinery had been made separately, and that therefore the obligation recited upon the face of the instrument probably did not exist.

The case has given us much anxiety, but after studying the record we are unable to say that the trial court's finding is against the preponderance of the testimony. The probate judge had the great advantage of seeing the witnesses as they testified. He was thus in a much better position than we are to decide whether Owens's daughter was telling the truth and whether Owens himself was attempting to commit a deliberate fraud against his brother's estate. The appellant's circumstantial proof does not succeed in making it difficult for us to believe that the transaction in question, between brothers, really took place. With the conflicting evidence evenly balanced it is our duty to leave the trial court's findings undisturbed. *Brewer* v. *Yancey*, 169 Ark. 816, 277 S. W. 11.

Affirmed.