THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CARDELL HENRY, Defendant-Appellee.

(No. 73-57; ▮▮▮▮▮▮▮▮▮)

Third District—June 5, 1974.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

An indictment was returned Nov. 15, 1972, charging the defendant, Cardell Henry, in one count, with theft of a bicycle of a value less than $150, also alleging a previous conviction of the crime of theft. Defendant filed a motion to strike the allegation of the previous conviction. After a hearing and over the objection of the State the trial court on January 31, 1973, ordered stricken the allegation of the previous conviction of theft, thereby reducing the charge from a felony to a misdemeanor.[1] The State has appealed from that order.

■■ The defendant's brief concedes that the trial court was without authority to proceed as it did. By statute the State's Attorney is charged with the commencement and prosecution of criminal cases within the county. (Ill. Rev. Stat. 1971, ch. 14, par. 5.) In the exercise of his public duty, he is granted certain discretionary powers, one of which is to determine the offense which can and should properly be charged. The Illinois constitution divides the powers of government among the legislative, executive and judicial departments and provides that none of these shall exercise powers belonging to the others. The State's Attorney's office is part of the executive branch. It is clear that the judicial department may not take as its own discretionary powers vested in an executive officer. *People v. Rotramel*, 5 Ill.App.3d 196, 198.

The defendant, however, has questioned whether the State has the right to appeal. Supreme Court Rule 604(a)(1) provides that the State may appeal only from an order or judgment, "the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure [Ill. Rev. Stat. 1971, ch. 38, par. 114—1] * * *." The State argues that the trial court, by reducing the charge, in effect dismissed the original charge brought.

■■ In *People v. Rotramel, supra,* the court stated, "In *People v. Love* (1968), 39 Ill.2d 436, 438-440, it was held that the intent of section 114—1 was not to reduce the State's Attorney's right of appeal to only the ten grounds set forth in the statute, but to include within that right those instances whereby the substantive effect of the judgment would be the dismissal of the indictment, information or complaint. See also, *People v. Petropoulos* (1966), 34 Ill.2d 179, 181, and *People v. Finkelstein* (1939), 372 Ill. 186, 192."

---

[1] The prior offense involved a theft of a pair of shoes. The current offense involved the theft of a bicycle. The trial court explained his abhorrence of the subsequent-offense penalty for theft of property of a value not exceeding $150.

██ We agree with the State that the substantive effect of the order of the trial court amounted to a dismissal of the original charge brought and conclude that the State could properly appeal.

The trial court's order dated Jan. 31, 1973 striking the allegation of the previous conviction for theft is reversed. The cause is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded with directions.

SCOTT, P. J., and ALLOY, J., concur.