THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
WILLIAM CLUTTS *et al.*, Defendants-Appellees.

Fifth District   No. 75-430

Opinion filed November 15, 1976.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, and Gary Todd Miller, law student, of counsel), for the People.

R. K. Peek and R. N. Gandy, both of Du Quoin, for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The State appeals from a judgment of the circuit court of Jackson County finding the defendants, William Clutts and Willard Biermann, guilty of the delivery of less than 200 grams of a controlled substance in violation of section 401 of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401).

In the indictment the State sought to charge the defendants with the Class 1 felony of delivery of 200 grams or more of a substance containing amphetamines pursuant to section 401(a)(6) of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(a)(6)). However, the indictment did not allege a gram amount; instead, it referred to a sale of 50,000 tablets of amphetamines. After the State had rested its case against the defendants, having introduced evidence tending to prove delivery of more than 200 grams of a substance containing amphetamines, the defendants moved to dismiss the indictment. They cited as one of the grounds for their motion the failure of the indictment to allege a gram amount as a necessary element in charging a Class 1 felony. The trial court held that the evidence adduced was sufficient to *prove* a Class 1 felony, but the indictment was insufficient to *charge* a Class 1 felony. Rather than dismiss the action, however, the court held that the indictment was sufficient to charge an offense under section 401(c) of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(c)). That section of the Controlled Substances Act defines delivery of "any other amount of a controlled substance classified in Schedule I or II which is not a narcotic drug" to be a Class 3 felony. After the trial court had so ruled, over the objection of the State, the defendants rested their case and were found guilty of the Class 3 felony.

The State contends that the trial court erred in holding the indictment insufficient to charge a Class 1 felony. It argues that a gram amount is not an essential element to be alleged and that in any event the indictment was sufficient to inform the defendants of the crime charged so as to enable them to prepare a defense. While the indictment described the quantity of amphetamines delivered with the words "50,000 tablets," rather than in the precise statutory language of "200 grams or more," the State contends that the defendants were apprised of the specific facts constituting the crime charged and thus knew that they were charged with a Class 1 felony. Furthermore, the State argues that the record reflects actual knowledge on the part of the defendants that they were charged with the greater offense.

Should this court find that the indictment was insufficient to charge a Class 1 felony for failure to allege a gram amount, the State has asked us

to find that the trial court erred in not granting the State's motion for a mistrial to allow it to re-indict the defendants on the greater charge. The State contends that by convicting the defendants of the lesser charge, the trial court has usurped the State's discretionary power to determine the offense to be charged. This action has resulted in the dismissal of the greater charge and, according to the State, has also had the effect of barring a future prosecution of the greater charge under section 3—4 of the Criminal Code of 1961. (Ill. Rev. Stat. 1961, ch. 38, par. 3—4(a)), which provides:

> "A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution * * * resulted in * * * a conviction or an acquittal * * *.
>
> &ast; &ast; &ast;
>
> A conviction of an included offense is an acquittal of the offense charged."

We are not aware of any Illinois cases which have considered the precise question of whether a gram amount is an essential element which must be alleged in an indictment in order to charge and support a conviction for a Class 1 felony in violation of the Controlled Substances Act. However, in the 1974 case of *People v. Kadlec*, 21 Ill. App. 3d 289, 313 N.E.2d 522, the Appellate Court for the Third District held that when a defendant has been charged with delivery of more than 200 grams of a controlled substance, the quantity of 200 grams or more is an essential element going to the substance of the charge and an issue which must be specifically presented to the jury and decided by them under proper instructions. In *Kadlec* the indictment did allege a specific gram amount; however, the jury was not instructed that weight was an element of the offense and the form of verdict did not incorporate a finding as to weight. Therefore, in considering the jury's verdict of guilty of unlawful delivery of a controlled substance, the court was of the opinion that this finding afforded no basis for a sentence for the higher grade of offense and reduced the sentence to correspond to a Class 3 felony. *People v. Kadlec*, 21 Ill. App. 3d 289, 313 N.E.2d 522.

■■ While the issue in *Kadlec* concerned the jury's verdict as a basis for sentencing, the reasoning in that case is equally applicable in determining that a gram amount is an essential element to be alleged in an indictment seeking to charge the greater grade of offense under the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1100 *et seq.*), since the Act is expressly stated in terms of specific substances and amounts:

> "Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to

manufacture or deliver, a controlled substance. Any person who violates this Section with respect to:

(a) the following controlled substances and *amounts* * * * is guilty of a Class 1 felony * * *.

(b) *any other amount* of a controlled substance classified in Schedules I or II which is a narcotic drug is guilty of a Class 2 felony * * *.

(c) *any other amount* of a controlled substance classified in Schedule I or II which is not a narcotic drug is guilty of a Class 3 felony * * *." (Ill. Rev. Stat. 1973, ch. 56½, par. 1401.) (Emphasis added.)

As cited with approval by the *Kadlec* court, the new 28 C.J.S. Drugs and Narcotics Supplement (issued April 1974), section 162, page 239, concludes that under statutes where the grade of offense depends on the amount of the drug involved, "the specific amount possessed is an essential element going to the substance of a felony." This is no less true in determining essential elements which must be alleged in an indictment than in determining the issues which must be decided by a trier of facts.

"In charging an offense defined by statute the indictment * * * should be as fully descriptive of the offense as is the language of the statute, and should allege every substantial element of the offense as defined by the statute, including all conditions essential to constitute the crime." (21 Ill. L. & Pr. *Indictments and Informations* §54 (1956). See also *People v. Rice*, 383 Ill. 584, 50 N.E.2d 711.)

Following the analogy to larceny cases suggested by the *Kadlec* court, where the grade or degree of the offense depends on value, we note that an indictment for larceny should allege the value of the subject of the larceny when this is material. 25 Ill. L. & Pr. *Larceny* §24 (1956); *People v. Fognini*, 374 Ill. 161, 28 N.E.2d 95.

While the Illinois Courts have not considered the precise question presented by the case at bar, the Texas Court of Criminal Appeals in recent cases has determined that in order to charge a third degree felony as distinguished from a misdemeanor charge for a marijuana violation under their Controlled Substances Act (Tex. Rev. Civ. Stat. Ann. art. 4476—15, §4.05), an indictment must allege possession or delivery of an amount in excess of one-quarter ounce of marijuana or it must allege delivery of any amount for remuneration. Indictments which have not alleged an amount have been found to be defective. (*Gonzales v. State*, 530 S.W.2d 570 (Tex. Crim. App. 1975); *Suarez v. State*, 532 S.W.2d 602 (Tex. Crim. App. 1975).) As pointed out in the *Gonzales* case, "[w]hat is necessary for any indictment 'is the allegation of every fact which may

affect the degree or kind of punishment,' " *Gonzales v. State,* 530 S.W.2d 570, 571.

■■ For the foregoing reasons we find that a gram amount is an essential element to be alleged in order for an indictment to charge and support a conviction for a Class 1 felony under the Controlled Substances Act. We cannot agree with the State's contention that the words "50,000 tablets" represent a sufficient statement of this element since, as the trial court pointed out, there is no necessary correlation between the number of tablets and a certain weight.

> "The court, in construing an indictment, is not at liberty to depart from the words of the indictment itself and speculate as to the possible intention of the writer of the indictment nor to supply matters of sustance which have been omitted." *People v. Powell,* 353 Ill. 582, 588, 187 N.E. 419.

In urging us to find the indictment to be sufficient because the record tends to indicate that the defendants had actual knowledge of the grade offense with which the State intended to charge them, the State calls our attention to the recent Illinois Supreme Court case of *People v. Pujoue,* 61 Ill. 2d 335, 335 N.E.2d 437. In that case, the defendant raised the question of the sufficiency of the indictment for the first time on appeal, after having been convicted in a bench trial of unlawfully carrying a weapon. The indictment failed to allege that the gun was "loaded." The Supreme Court held that:

> " * * * While we do not approve of any failure to comply strictly with the explicitly stated requirements of section 111—3 of the Code of Criminal Procedure, the sufficiency of a complaint attacked for the first time on appeal must be determined by a different standard * * *.
>
> When attacked the first time on appeal, a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out the same conduct." *People v. Pujoue,* 61 Ill. 2d 335, 339.

However, the case at bar is distinguishable in that the sufficiency of the indictment was not attacked for the first time on appeal, but in a timely motion to the trial court. The Code of Criminal Procedure (Ill. Rev. Stat. 1963, ch. 38, par. 114—1(a)(8)) permits a motion to dismiss for failure to state an offense both before and during trial. The test established in *Pujoue* to determine the sufficiency of an indictment was carefully limited by that court to the situation in which the indictment was first challenged on appeal. The opinion specifically did not pass on the question of whether the complaint could have withstood a motion to dismiss or a motion in arrest of judgment before the trial court. (*People v. Pujoue,* 61

Ill. 2d 335, 339.) As the court pointed out, the standard to be used in the situation where the indictment is first challenged on appeal is different from that used at trial. *People v. Pujoue*, 61 Ill. 2d 335; *People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456.

■■ In this case we have previously determined the trial court correctly found that the indictment charging the defendants did not meet the requirements of the Code of Criminal Procedure (Ill. Rev. Stat. 1963, ch. 38, par. 111—3) in setting forth all the elements necessary to charge a Class 1 felony under the Controlled Substances Act because it did not allege a gram amount. We are of the opinion that the Code of Criminal Procedure requires a trial court to grant a motion attacking an indictment when it finds that these requirements have not been met, as evidenced by the language of the Code itself:

"The court *shall grant* the motion [in arrest of judgment] when: (1) The indictment \* \* \* does not charge an offense \* \* \*." (Ill. Rev. Stat. 1963, ch, 38, par. 116—2.) (Emphasis added.)

■■■ Finally, we come to the State's contention that the trial court erred in refusing to grant a mistrial when it determined that the indictment was insufficient, in order to allow the State to re-indict the defendants for the greater offense. In arguing that the trial court usurped the State's prerogative to determine the charge to be made, the State cites *People v. Rotramel*, 5 Ill. App. 3d 196, 282 N.E.2d 484, and *People v. Henry*, 20 Ill. App. 3d 73, 312 N.E.2d 719, for the propositon that the judicial department may not take as its own those discretionary powers vested in an executive officer. These cases, however, are clearly distinguishable from the case at bar. In both *Henry* and *Rotramel* the trial court on its own motion reduced the charge where there was a *valid* indictment for the greater offense. In the present case, the trial court found the indictment to be insufficient to charge the greater offense. There is authority for the proposition that while an indictment may not charge one offense, it may charge another and that if the charge for the lesser offense is sufficient the indictment will be sustained. (*People v. Ambrose*, 33 Ill. App. 2d 399, 179 N.E.2d 460.) It is interesting to note the Texas case of *Suarez v. State*, 532 S.W.2d 602 (Tex. Crim. App. 1975), which considered a similar question involving a challenge to the sufficiency of an indictment for failure to allege a quantity in a marijuana violation. There the court held that while the indictment was defective to charge a felony offense, it was sufficient to charge a misdemeanor, and the cause was remanded to a lower court for proceedings on the misdemeanor charge.

The decision to grant a mistrial on the State's motion where jeopardy has attached because an indictment is defective is not to be lightly undertaken. (*United States v. Jorn*, 400 U.S. 470, 27 L. Ed. 2d 543, 91 S.

Ct. 547; *Illinois v. Somerville*, 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066.) Among the factors to be considered by the trial court in exercising its discretion are whether the declaration of a mistrial in this type of situation is dictated by "manifest necessity" or the ends of "public justice." (*Illinois v. Somerville*, 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066.) We cannot say that the trial court abused its discretion in denying a mistrial.

For the foregoing reasons the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

KARNS, P. J., and JONES, J., concur.