THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DAVID LEDWA, Defendant-Appellee.

Third District   No. 75-326

Opinion filed December 21, 1976.

500

Martin Rudman, State's Attorney, of Joliet, for the People.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was brought by the People of the State of Illinois from the dismissal by the trial court, on its own motion, of a charge of speeding in violation of the Motor Vehicle Code against defendant, David Ledwa. The State brings this appeal under the authority of Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)).

No verbatim transcript of the proceedings in the trial court is available and the facts material to the appeal are set out in a report of proceedings prepared by the appellant. From the report of proceedings it appears the case came on for a jury trial on May 7, 1975, before Judge Charles P. Connor. The trial court on its own motion and over the objection of the State granted the defendant leave to attend driver improvement school and continued the case. On June 10, 1975, the State filed a motion to reset the cause for trial again objecting to the court's granting defendant leave to attend the driver improvement school. Subsequently the State's motion to reset the cause for trial was denied and the trial court, on its own motion, dismissed the speeding charge upon learning that defendant had satisfactorily completed the driver's improvement course of study.

The issue raised is whether the trial court had the authority to dismiss the speeding charge after the defendant had completed the driver

improvement school over the State's objection to the dismissal and the granting of leave to attend the school.

We appointed the officer of the State Appellate Defender to represent the defendant-appellee on this appeal. That counsel filed a motion for leave to withdraw with a supporting brief. From the brief it appears the Appellate Defender believes that the State has the right to appeal from the order of dismissal of the circuit court and that the State's claim is meritorious. The Appellate Defender notified the defendant, in writing, of his motion to withdraw. We note defendant's response thereto in the form of a letter to the appellate court. On April 27, 1976, we allowed the motion of the State Appellate Defender to withdraw.

■■ We agree the State has a right to appeal from the circuit court's order of dismissal even though the dismissal was not based on any of the 10 grounds for dismissal set out in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 114—1). *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819; *People v. Rotramel* (1972), 5 Ill. App. 3d 196, 282 N.E.2d 484; *People v. Henry* (1974), 20 Ill. App. 3d 73, 312 N.E.2d 719.

■■■ We also agree with the State's contention that the circuit court was without authority to dismiss the speeding charge against Ledwa on its own motion for the reason that he had satisfactorily completed the course of study at the driver improvement school. The record reflects that the State did not agree, even impliedly, to a dismissal nor that the defendant moved for a dismissal or for an order for supervision. In *People v. Guido* (1973), 11 Ill. App. 3d 1067, 1069, 297 N.E.2d 18, 19, it was stated "The court on its own motion, or on the motion of the defendant, has no power before trial, in the absence of a statute, to dismiss criminal charges or enter a *nolle prosequi* in a criminal case, since this power rests initially and primarily with the prosecuting officer." The recent case of *People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31, is controlling. There the Supreme Court disapproved of the trial court suspending theft proceedings against a defendant on the condition that he make restitution.[1] In the instant case, not only did the trial court suspend the proceedings conditioned upon the defendant completing the driver improvement school but did in fact dismiss the charge after the defendant had satisfied the condition.

As it was aptly stated in *People v. Rotramel* (1972), 5 Ill. App. 3d 196, 199, 282 N.E.2d 484, 486, "We have been furnished with no authority

[1] We note the recent legislative amendment by Public Act 79-1334 effective August 2, 1976, which now allows deferring the entering of a judgment of conviction and a disposition of supervision (contrary to the holding in *People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31), after the effective date of the legislative change.

under which the court may dismiss, *nolle prosse,* or amend a charge on its own motion, for no defect in pleading and with no evidence taken."

The trial court erred in dismissing the speeding charge against the defendant and in not resetting the case for trial. For the foregoing reasons the Circuit Court of Will County is reversed and the cause is remanded with directions consistent with the views expressed herein.

Reversed and remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.