THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BARBARA DAVIS, Defendant-Appellant.

· Third District   No. 77-337

Opinion filed May 18, 1979.

Robert Agostinelli and Gary R. Garretson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Barbara Davis, the defendant, after trial by jury in the circuit court of Peoria County was found guilty of the offense of forgery and was

sentenced to a term of five years probation with the condition that she also serve a term of 90 days imprisonment in the county jail.

In this appeal the defendant raises but a single issue, which is that reversible error was committed when the trial court denied her motion in arrest of judgment which was predicated upon the grounds that the indictment returned failed to state the elements of the crime charged so as to properly apprise her of the offense.

The complained-of indictment reads as follows:

"She, with the intent to defraud, did knowingly deliver to an employee of Thomas Brothers, Inc., a corporation d/b/a Oscar Alwan's Market, a document apparently capable of defrauding another in that it purported being a State of Illinois Government check, Serial No. 0498065 payable to Pearlene Ware in the sum of $204.17, and dated October 19, 1976, knowing said Document to have been thereby made."

■■ An examination of the complained-of indictment compels us to disagree with the defendant's argument that it fails to set forth necessary elements of the offense charged and is therefore invalid pursuant to the reasoning and rules of law as set forth in *People v. Lutz* (1978), 73 Ill. 2d, 204; *People v. Clutts* (1976), 43 Ill. App. 3d 366, 356 N.E.2d 1367. We reach this conclusion since we agree with both the People and the defendant that any problem existing regarding the indictment *stems* from the description of the instrument in question as "being a State of Illinois check * * *," when in fact the instrument was a warrant issued by the State of Illinois. We have presented in this appeal a question as to the effect of a misnomer and not a situation where there was a failure to set forth the necessary elements of an offense. The defendant correctly argues that if the forged instrument is a check then the description of the instrument set forth in an indictment must identify *inter alia* the drawee bank. (*People v. Nickols* (1945), 391 Ill. 565, 63 N.E.2d 759; *People v. Teichler* (1974), 19 Ill. App. 3d 292, 311 N.E.2d 422.) The defendant, while agreeing that a misnomer as to the instrument's identification has occurred, nevertheless urges that since the word "check" rather than "warrant" was used, then a drawee bank must be identified even though such is an impossibility. That such is an impossibility is evidence and beyond dispute because the document alleged to have been forged was a State of Illinois A.D.C. warrant which differs from a check in that it is an order by the State Comptroller upon the State Treasurer to pay out a sum certain from a particular fund. (Ill. Rev. Stat. 1977, ch. 15, par. 209 to 210.15.) Warrants as such are distinguishable from checks in that they involve no drawee bank and are not negotiable instruments. (*People v. Gibbs* (1952), 413 Ill. 154, 108 N.E.2d 446.) The instrument involved in

this case had no drawee bank which could be identified in the indictment. ■■ The defendant would ask this court to hold that because the word "check" was used in the indictment rather than the word "warrant," then a drawee bank must be identified even though such is an impossibility. We cannot so hold for the law is well stated by the phrase *impossibilium nulla obligatio est*—there is no obligation to do impossible things.

Since it was an impossibility to identify a drawee bank in the indictment, then we restate the view that we have heretofore set forth, that we are confronted with a misnomer question and not a question concerning the failure to set forth in an indictment the material elements of an offense.

The pivotal question in this appeal is whether the indictment sufficiently charged the offense of forgery even though there was a misnomer in describing the alleged forged instrument.

In examining the indictment we find that the document alleged to have been forged is described as follows:

"* * * being a State of Illinois Government check serial No. 0498065 payable to Pearlene Ware in the sum of $204.17 and dated October 19, 1976, * * *."

■■■ The description of the document in the indictment meets the test of enabling the defendant to prepare her defense and would sustain a plea of judgment in bar of any further prosecution for the same offense. Whether the requirements of section 111—3(a) (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)) of the Code of Criminal Procedure are met must be determined by the substance of the charge and not by the technicalities of its language. See *People v. Dzielski* (1970), 130 Ill. App. 2d 581, 264 N.E.2d 426.

The indictment being challenged in this appeal sets forth in specificity a description of the forged instrument and establishes on its face that the instrument was one capable of defrauding another. To conclude otherwise would thwart the tenor and spirit of the law by zealously adhering to the utilization of technicalities rather than the application of common sense principles and standards.

For the reasons set forth the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.