THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN J. McDONNELL, Defendant-Appellee.

Second District    No. 81-269

Opinion filed January 22, 1982.—Rehearing denied April 20, 1982.—Revised opinion filed April 20, 1982.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Patrick A. Tuite, Ltd., and Cornelia Honchar Tuite, both of Chicago, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Defendant John J. McDonnell was charged with one misdemeanor and four traffic offenses on March 12, 1980. He subsequently filed a motion to bar the testimony of the arresting officers, alleging their testimony was rendered incompetent because they were compensated on a basis other than that of time in contravention of statute (Ill. Rev. Stat. 1979, ch. 111, par. 2701). The circuit court of Lake County granted defendant's motion to bar testimony, and the State appeals from that order.

Defendant was charged with obstructing a police officer, disobeying a police officer, improper lane usage, driving under the influence of intoxicating liquor and violation of a minimum speed regulation. Soon after he was arrested he filed a motion to suppress the testimony of the two arresting officers. This motion stated that during preparation for trial the defendant learned that District Fifteen of the Illinois State Police has a written policy which states in pertinent part: "that for every 10 DWI arrests made by an officer, he/she will receive one 510 day from the D-15 commander." A "510 day" is a day off with full pay. Defendant's motion argues that this policy was violative of a relatively obscure statute that rendered the policeman's testimony inadmissible. The circuit court granted defendant's motion to suppress and bar testimony on the basis of this statute and due process considerations.

The statute in issue states in its entirety:

"An Act in relation to the employment of detectives or investigators by public officials. * * *

§1. No State, county or municipal officer, whose duty it is to investigate the commission of any crime or to prosecute persons accused of crime, shall employ any detective or investigator on a compensation basis other than that of time, and in no event shall compensation to such persons be contingent on the success of the investigation or prosecution. Evidence obtained in violation of this Act shall be inadmissible in any court in this State for any purpose and any person employed in violation of this Act shall be incompetent to testify in any such court as to any information or evidence acquired by him in such employment." Ill. Rev. Stat. 1979, ch. 111, par. 2701.

The trial court specifically found that section 1 of "An Act in relation to the employment of detectives or investigators by public officials" (Ill. Rev. Stat. 1979, ch. 111, par. 2701) (hereinafter section 1) applies to Illinois State troopers, and that a trooper receiving one day off for every 10

arrests for driving under the influence is being "compensated" within the meaning of the statute. The policy of District Fifteen of allowing one day off with full pay for every 10 DWI arrests was found by the court to be violative of section 1, and the court granted defendant's motion to suppress the testimony of the State troopers and disallowed any evidence obtained as a result of that arrest.

Section 1 has a history of being closely linked with "An Act to provide for Licensing and Regulating Detectives * * *" (Ill. Rev. Stat. 1979, ch. 111, par. 2601 *et seq.*). For example, section 1, along with the provisions of "An Act to provide for Licensing and Regulating Detectives * * *" (Ill. Rev. Stat. 1965, ch. 38, par. 201—1 *et seq.*), used to be a part of the supplementary provisions of chapter 38 of the Illinois Revised Statutes (Ill. Rev. Stat. 1965, ch. 38, par. 201—51).

At present, section 2 of "An Act to provide for Licensing and Regulating Detectives * * *" (Ill. Rev. Stat. 1979, ch. 111, par. 2602) specifically states that "[t]he provisions of this Act shall not apply to any detective or officer belonging to the police force of the state * * *." We think that exemption for police officers is applicable to section 1 as well.

■■ The State urges that section 1 of "An Act to provide for Licensing and Regulating Detectives * * *" (Ill. Rev. Stat. 1979, ch. 111, par. 2601), also in the Professions and Occupations chapter, is indicative of the scope of section 1. This section begins with the phrase "The private detective business * * *," and the State urges that this is an indication that it was not intended to include State police officers. We agree. We are of the opinion that the legislature intended that this section not apply to police officers. The language of the statute prohibits public officials from employing "detectives or investigators" on a compensation basis other than that of time, and we do not think police officers were contemplated as being included.

In one of the few cases interpreting section 1, it was held that an informer was not intended to be classified as a "detective or investigator" under this statute. (*People v. Jones* (1966), 75 Ill. App. 2d 332, 221 N.E.2d 29.) In *Jones* a paid informer provided information to the police. Defendant made the argument that any testimony concerning the information provided by the informer was rendered inadmissible by the statute. The appellate court saw no merit in that contention. The same conclusion is made here.

■■ The defendant makes the argument that the "510 policy," given in addition to the regular compensation received by the officers, could interfere with the decisions that an officer makes in the course of his/her duties and is therefore unconstitutional. He urges that because an officer is rewarded for making such an arrest the arrest could be made to obtain the

reward rather than because the officer had probable cause. Therefore, defendant contends, his right of due process was violated. We disagree.

The defendant contends that his situation is similar to that which arose in *Connally v. Georgia* (1977), 429 U.S. 245, 50 L. Ed. 2d 444, 97 S. Ct. 546. In *Connally* a judge was given a fee for each warrant that he issued. This was seen as violative of due process. We are of the opinion that *Connally* is inapposite to the defendant's situation.

Defendant's argument requires that we make no distinction between the function of a police officer and that of a judge. This we cannot do. The relationship of a police officer to a criminal defendant is by its nature adversarial. The same is true of the relationship between a State's Attorney and such a defendant. On the other hand, a judge is to be impartial rather than adversarial.

In *Connally*, the defendant's right to due process was tainted by the fact that the judge could have been influenced by having been paid a fee. Police officers simply do not occupy the same neutral and detached positions that judges do. Similarly, *Ward v. Village of Monroeville* (1972), 409 U.S. 57, 34 L. Ed. 2d 267, 93 S. Ct. 80, where the mayor was acting as a judge, is inapposite to the case before us.

We fail to see how the subject of the fourth amendment's requirement for warrants issued by neutral magistrates arises in this case. Questions of judicial neutrality are not applicable to a policeman's decision of whether or not an arrest should be made.

The question of whether there is probable cause is a judicial determination, and may be of constitutional dimension. However, this is separate and apart from ancillary motives for the commencement of prosecution. In the absence of a claim that the charge selected was based upon an unjustifiable standard such as race, religion or other arbitrary classification, what charges to file rest in the discretion of the prosecutor. (*People v. Ruiz* (1979), 78 Ill. App. 3d 326, 396 N.E.2d 1314.) In the case of *People v. Rotramel* (1972), 5 Ill. App. 3d 196, 198-99, 282 N.E.2d 484, it was stated:

> "By statute the State's Attorney is charged with the commencement and prosecution of criminal cases within the county. (Ill. Rev. Stat. 1969, ch. 14, par. 5.) In the exercise of his public duty, he is granted certain discretionary powers, one of which is to determine the offense which can and should properly be charged. Article III of the Illinois constitution divides the powers of government among the legislative, executive and judicial departments and provides that none of these shall exercise powers belonging to the others. The State's Attorney's office is a part of the executive branch. It is clear that the judicial department may not take as its own discretionary powers vested in an executive officer."

(See also *People v. Henry* (1974), 20 Ill. App. 3d 73, 312 N.E.2d 719; *People v. Baron* (1970), 130 Ill. App. 2d 588, 264 N.E.2d 423.) Here, though the ticket was issued by a police officer, he is also a member of the executive branch of government, and the same principles would be applicable. For us to otherwise explore this motivation would be an invasion of that branch of government. This motivation may have a bearing on the question of the weight or credibility of evidence.

However, we can say that defendant suffered no deprivation of due process as a result of the "510 policy." Although we find there was no violation of due process, our opinion should not be read as an endorsement of this policy.

For the above stated reasons the judgment of the trial court of Lake County is reversed and this cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LINDBERG and REINHARD, JJ., concur.