THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT L. HARPER, Defendant-Appellant.

First District (5th Division)   No. 84—0846

Opinion filed August 9, 1985.

James J. Doherty, Public Defender, of Chicago (Robert D. Glick, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mary Ellen Dienes, and James M. Eberlin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

Following a bench trial defendant Robert L. Harper was convicted of three counts of delivery of a controlled substance, three counts of official misconduct, two counts of armed violence, and one count of illegal possession of a controlled substance. Defendant received concurrent sentences of one year for illegal possession of a controlled substance, six years for each armed-violence conviction, five years for each official misconduct conviction, seven years for each of two of the convictions of delivery of a controlled substance, and nine years for the remaining count of delivery of a controlled substance. This latter offense was a Class X crime because the delivery was of 69.3 grams of a substance containing cocaine. Ill. Rev. Stat. 1981, ch. 56½, par. 1401(a)(2).

■ On appeal, defendant contends: (1) his Class X conviction for delivery of a controlled substance should be reversed because the indictment, instead of alleging the statutory element of delivery of 30 grams or more of a substance containing cocaine, alleged the delivery of "approximately 70 grams" of a substance containing cocaine; (2) the trial court improperly ordered that $397 seized from the defendant at the time of his arrest be applied to the cost of defendant's transcript.

We affirm.

As we have noted, defendant contests only his conviction for the Class X felony of delivery of a controlled substance containing 30 or more grams of a substance containing cocaine. The State's evidence at trial as to the offense established that on February 19, 1982, the defendant delivered to an undercover agent 69.3 grams of a substance containing cocaine. (Earlier that day the agent had paid defendant $6,450 in marked bills.) Defendant was arrested on the spot. The marked bills were not recovered, but on his person was found $397. At the time of his arrest defendant stated that this was

money given to him by his "connection" for performing the cocaine transaction.

At the close of the State's case defense counsel made a motion in arrest of judgment with respect to the count alleging the Class X offense of delivery of cocaine. Counsel contended that because the statute required that for a Class X offense the delivery must be of more than 30 grams (actually 30 or more grams) the indictment was defective in alleging delivery of "approximately 70 grams." This motion was denied. Defendant contends on appeal that this was error.

Section 401(a)(2) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1401(a)(2)) provides in pertinent part:

"Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver *** a controlled substance. Any person who violates this Section with respect to:

(a) the following controlled substances and amounts *** is guilty of a Class X felony. ***

(2) 30 grams or more of any substance containing cocaine."

The indictment relating to this offense stated that on or about February 19, 1982, the defendant committed the offense of illegal delivery of a controlled substance in that defendant:

"knowingly and unlawfully delivered approximately 70 grams of a substance containing cocaine, a controlled substance, in violation of Chapter 56½, Section 1401(a)(2), of the Illinois Revised Statutes, 1981, as amended ***."

When the sufficiency of an indictment has been challenged at trial, the standard of review is whether the indictment states the nature of the offense and sets forth each of the elements of that offense. (*People v. Tuczynski* (1978), 62 Ill. App. 3d 644, 648, 378 N.E.2d 1200, 1203; *People v. Clutts* (1976), 43 Ill. App. 3d 366, 371, 356 N.E.2d 1367, 1371.) Where the grade of the offense depends upon the amount of the drug involved (or the amount of the substance containing that drug), then the amount possessed by a defendant becomes an essential element of the offense. *People v. Clutts* (1976), 43 Ill. App. 3d 366, 369, 356 N.E.2d 1367, 1369-70.

■ Defendant relies on *Clutts* to support his contention that the element of 30 or more grams of a substance containing cocaine was not sufficiently alleged by alleging defendant's delivery of "approximately 70 grams." In *Clutts* it was held that an indictment alleging the sale of 50,000 tablets of amphetamines was insufficient to charge the Class I felony of delivery of 200 grams or more of a substance containing amphetamines. The defect in *Clutts* was that absolutely no weight was alleged. Here the indictment specified approximately

70 grams. Webster's defines approximately as "reasonably close to: nearly, almost, about." (Webster's Third New International Dictionary 107 (1966).) We find that the element of 30 or more grams was sufficiently alleged by this indictment, which in effect informed defendant he was charged with delivery of nearly or almost 70 grams of a substance containing cocaine.

■ Defendant's second contention is that he, an indigent, was improperly assessed $397 (the amount seized from him when arrested) for the cost of the trial transcript to be used in his appeal.

On April 2, 1984, defendant, who had been determined to be indigent for purposes of obtaining court-appointed appellate counsel, filed a motion for a free transcript of proceedings. On April 17, 1984, defendant moved for the return of the $397 seized from him. At that hearing defendant testified that this was money he received in cashing his paycheck. The State argued that this money should be applied toward the cost of the transcript. The State also reminded the court of the defendant's post-arrest admission, introduced at trial, that he received this money as compensation for the drug transaction. The court stated that it would grant the prior motion for a free transcript but would deny the motion for return of the money based on defendant's admission. On May 14, 1984, the trial court entered an order providing the defendant with a free transcript.

Defendant contends that the trial court improperly assessed defendant $397 for the transcript. This allegation has absolutely no foundation in the record. The trial court properly denied the return of this money which is forfeitable based on defendant's admission that it was used to facilitate his illegal sale of drugs. (Ill. Rev. Stat. 1981, ch. 56½, par. 1505(a)(5).) Independently of this determination the trial court granted defendant's request for a free transcript based on the court's finding that defendant was indigent.

The judgment of the trial court is affirmed.

Affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.