The Honorable Gus Wingfield Auditor of State 230 State Capitol Little Rock, Arkansas 72201
Dear Mr. Wingfield:
This is in response to your request for an opinion on two questions regarding the "Uniform Disposition of Unclaimed Property Act" (the "Act"), codified at A.C.A. §§ 18-28-201 to -233. Specifically, you ask the following:
 1. Are `outlawed state warrants' unclaimed property? `Outlawed' is defined as warrants uncashed past the valid date printed on the face of the warrant.
 2. If so, should these outlawed warrants be reported and remitted under A.C.A. § 18-28-208(b) as amended by Act 1048 of 1997?
It is my opinion, for the reasons that follow, that the answer to your first question is unclear, but that in any event, the answer to your second question is "no."
In response to your first question, the term "unclaimed property" is not defined discretely in one section of the Act. The subsection you have noted in your second question refers to "intangible property," and requires its reporting and remittance to the state as follows:
 (b) All intangible property, including, but not limited to, any interest, dividend, or other earnings thereon, less any lawful charges, held by a business association, federal, state or local government, or governmental subdivision, agency, or entity, or any other person or entity, regardless of where the holder may be found, if the owner has not claimed or corresponded in writing concerning the property within three (3) years after the date prescribed for payment or delivery, is presumed abandoned and subject to the custody of this state as unclaimed property if:
 (1) The last known address of the owner is [in this state or is][1]
unknown; and
 (2) The person or entity originating or issuing the intangible property in this state or any political subdivision of this state [sic], or is incorporated organized, created or otherwise located in this state.
A.C.A. § 18-28-208(b).
The term "intangible property" is defined in the Act as meaning:
(10)(A) `Intangible property' includes:
(i) Moneys, checks, drafts, deposits, interest, dividends, and income;
 (ii) Credit balances, customer overpayments, gift certificates, security deposits, refunds, credit memos, unpaid wages, unused airlines tickets, and unidentified remittances;
 (iii) Stocks and other intangible ownership interests in business associations;
 (iv) Moneys deposited to redeem stocks, bonds, coupons, and other securities, or to make distributions;
(v) Amounts due and payable under the terms of insurance policies; and
 (vi) Amounts distributable from a trust or custodial fund established under a plan to provide health, welfare, pension, vacation, severance, retirement, death, stock purchase, profit sharing, employee savings, supplemental unemployment insurance, or similar benefits. . . .
The subsection above does not specifically enumerate "warrants," whether or not "outlawed."[2] A "warrant" is defined as a device, prescribed by law, for drawing money from the state treasury, and is an order issued by an official whose duty it is to pass on claims to the treasurer to pay a specific sum. It is not an order to pay absolutely, but rather is primafacie evidence of indebtedness payable out of a particular fund. Statev. Family Bank of Hallandale, Florida, 623 So. 2d 474 (Fla. 1992). "Warrants" are distinguishable from checks in that they involve no drawee bank and are not negotiable instruments. People v. Davis,
27 Ill. Dec. 724, 71 Ill. App.3d 662, 389 N.E.2d 955 (1979).
The definitions used in the Act, however, are drafted very broadly. Even if they could be construed as including outlawed state warrants within their ambit, it is my opinion that such "outlawed" state warrants are not reportable as "unclaimed property" for several reasons. Section 19-4-703
of the Arkansas Code governs the expiration dates of such warrants. It provides that:
 No warrant issued by the Auditor of State shall be payable by the Treasurer of State unless it shall have been presented for payment within the twelve (12) months immediately following the close of the fiscal year or other appropriate fiscal period against which appropriation the warrant was charged.
Thus warrants expire, and are not "payable," at the close of the fiscal year succeeding the fiscal year of issuance. It is my understanding that the Treasurer of State has a list of unredeemed warrants, and when the warrants are not presented for payment in the time provided by law, the amounts of the warrants are credited back to the funds from which their payment was authorized. Any collection of the obligation represented by the warrant must then be pursued through the Arkansas Claims Commission. Section 19-10-104 provides that:
 The Arkansas State Claims Commission, before approving a claim for a state warrant for purchase of commodities delivered or services performed that has been lost or presented for payment after expiration of the legal date for redemption, shall request proof from the Auditor of State that the original warrant was legally canceled because of late redemption presentation or, in the case of a lost warrant, an official warrant cancellation procedure has been exercised.
In my opinion, therefore, after the date for presentation of the warrant has expired, there is nothing to turn over to the Auditor under the "Uniform Disposition of Unclaimed Property Act." The warrant is not payable and is no longer an obligation of the state.[3] The funds from which the warrant was payable have been credited back to the appropriate fund in the state treasury, and there is therefore nothing to remit under the Unclaimed Property Act. These actions will all have occurred prior to the expiration of the three year period necessary to presume property abandoned in A.C.A. § 18-28-208(b). At least one other state's Attorney General has reached a similar conclusion. See Opinion No. 95025 (Nebraska March 31, 1995). Any later proceedings in the Arkansas State Claims Commission are not, strictly speaking, based upon the instrument or warrant itself. Rather, that body may award compensation for the underlying obligation (for the provision of commodities or services) if it so chooses.
The conclusion above is also consistent with the purposes of the Uniform Disposition of Unclaimed Property Act. It has been stated that the "dual objectives of this type of statute are to reunite owners with unclaimed funds or property and to give the state, rather than the holder, the benefit of the use of the unclaimed funds or property." 30A C.J.S.Escheat § 2(b) (footnotes omitted). In the case of an outlawed warrant, there is in a legal sense no "property" with which to reunite the owner, and the state, by virtue of the crediting back of the funds, already has the benefit of the property. It has also been stated that: ". . . what may be obtained by exercise of the right . . . to obtain custody of unclaimed property is dependent on the integrity of the underlying obligation, and that, while the right of action . . . to obtain custody of unclaimed property is not derivative, the right of the state is derivative in the sense that the sovereign can obtain nothing more than the unknown owner could obtain." Id. at § 5.
For all the foregoing reasons, it is my opinion that "outlawed" state warrants are not subject to remittance under the "Uniform Disposition of Unclaimed Property Act."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The bracketed language was added by Act 1048 of 1997, which you reference in your second question. That act has not yet been codified.
[2] There is a "catchall" section of the act entitled "Miscellaneous personal property held for another person," which could be deemed applicable to state warrants. It provides that: "all intangible personal property, not otherwise covered by this subchapter, including any income or increment thereon and deducting any lawful charges, that is held or owing in this state in the ordinary course of the holder's business and has remained unclaimed by the owner for more than seven (7) years after it became payable or distributable is presumed abandoned."
[3] State warrants are, in this regard, distinguishable from checks.See, e.g., Hartsook v. Owens, 236 Ark. 790, 370 S.W.2d 69 (1963) (stale check not a nullity).